Craver-Dickinson Seed Company, Appellant, v. New York Central Railroad Company, Respondent.— Order insofar as it denies plaintiff's motion affirmed and insofar as it directs plaintiff to reply to the affirmative defenses in the answer reversed, without costs of this appeal to either party and motion denied, without costs. Memorandum: Reading the complaint as a whole, it seems perfectly apparent that this action is predicated on the theory of recovery on the contract evidenced by the bills of lading, and that the liability sought to be imposed on the defendant is that of a common carrier and not of a ware-

houseman. Taking into consideration the allegations of the second and third paragraphs of the complaint, the fourth paragraph in effect pleads that defendant failed and neglected as a common carrier to deliver the seed, and that when it was destroyed at Weehawken, New Jersey, it was still in the possession of the defendant, as a common carrier. Moreover, this pleading is by numbered and distinct paragraphs. In the paragraph in question there is surely one allegation which defendant could controvert on information and belief, namely, the market value of the seed. These various factors require a holding that the denial on information and belief of the entire paragraph was permissible, and that the ordinary rule that it is not permissible, because defendant either knew or could find out the facts alleged by plaintiff, is not applicable. Analyzing the three defenses, the essence of them is as follows: (1) that liability at the time of the loss was that of a warehouseman; (2) that plaintiff is not the real party in interest because not the owner of the seed nor of the bills of lading at the time of the destruction of the seed; (3) that plaintiff was not at the time of the commencement of the action the owner and holder of the bills of lading. It is apparent that these defenses really amplify the denial of the allegation in the complaint that plaintiff is and was at the time of the commencement of the action the lawful holder of the bills of lading. Plaintiff must establish that it was and is the lawful holder of the bills of lading in order to succeed, and if it succeeds, it must be in accordance with the complaint asserting that the liability of the defendant is that of a common carrier. Anything that the defendant could prove to controvert that would be admissible although not alleged as a separate defense. We are not called upon at this time to pass upon the sufficiency or merit of these affirmative defenses. Such a determination ought not to be made on a mere motion if for no other reason than that this record shows that the parties are not in agreement as to the exact terms of defendant's contract of carriage. (Cf. *V. Rivera S. En. C.* v. *Texas & N. O. R. Co.*, 211 La. 969.) All concur. (The order denies plaintiff's motion to strike out paragraph third of defendant's answer and requires plaintiff to reply to the separate affirmative defenses in defendant's answer.) Present — Taylor, P. J., McCurn, Larkin, Love and Vaughan, JJ.